IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



NOEL VALDEZ ANDRADE, §
 §
Plaintiff, §
 §
v. § 2:19-CIV-152-Z
 §
AMARILLO POLICE DEPT., *et al.*, §
 §
Defendants. §

# MEMORANDUM OPINION
# DISMISSING COMPLAINT

Plaintiff, acting pro se and while a prisoner in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed a civil rights lawsuit and is proceeding *in forma pauperis*. *See* Complaint Against All Defendants, filed July 25, 2019 (ECF No. 3) ("Complaint"). Plaintiff has filed suit against all individuals involved in his criminal prosecution, including law enforcement, prosecutors, judges, and attorneys. It is clear from his complaint that plaintiff's claim is based on the filing of what he considers a "commercial lien," entitling him to monetary relief from the Defendants. These claims are not cognizable under Title 42 U.S.C. Section 1983. Plaintiff's Complaint is DISMISSED.

**BACKGROUND**

Plaintiff says that a police officer in Amarillo pulled Plaintiff's car over on December 20, 2017 because Plaintiff was driving on what Plaintiff acknowledged was an expired temporary tag. *See* Complaint ¶¶ 1-4, at 14-15. Plaintiff asserts that the officer planted a baggie of illegal drugs in the car and then coerced Plaintiff into lying that the drugs might belong to Plaintiff. *See* Complaint ¶¶ 13-15, at 15-16. According to Plaintiff, a conspiracy then ensued in which the police,

drug lab, district attorney, clerk of court, and state trial court judge all knowingly and wrongfully worked to convict him for drug possession. *See* Complaint ¶¶ 16-37, at 16-18. Plaintiff apparently then maintains that the conviction resulted in a criminal forfeiture of his vehicle and his pocketknife. *See* Complaint ¶ 10, at 15; *id.* at 35.

Plaintiff at one point in the Complaint enumerates twenty-three causes of action against the Defendants, but he ultimately appears to ask the Court only to "dismiss" his drug possession charge, to "charge" the Defendants with criminal fraud and to place a commercial lien on Defendants' property for $19,500,000.00. *See* Complaint 34-39. Apparently in the alternative, Plaintiff challenges the authority of the state and federal courts to prosecute him for criminal acts because, he asserts, statutes cannot supersede the laws of nature. *See* Complaint ¶ 30, at 21 ("all acts of Judges, Magistrates, U.S. Marshals, Sheriffs, Local Police, all Void and not just Voidable"); *id.* ¶¶ 34-47, at 22-24.

**LEGAL STANDARD**

When a prisoner confined in any jail, prison, or other correctional facility brings an action with respect to prison conditions under *any federal law*, the Court may evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous,[1] malicious, fails to state a claim upon which relief can be granted, or seeks monetary

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see Denton v. Hernandez*, 504 U.S. 25 (1992). To determine whether a complaint is frivolous under 28 U.S.C. § 1915(d), the Court must inquire whether there is an arguable "'factual and legal basis of constitutional dimension for the asserted wrong.'" *Spears v. McCotter*, 766 F.2d 179, 181 (5th Cir. 1985) (quoting *Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976)). The review of a complaint for *factual* frivolousness nevertheless is quite limited and "only appropriate in the limited class of cases wherein the allegations rise to the level of the irrational or the wholly incredible," not just to the level of the unlikely. *Booker*, 2 F.3d at 114. Nor is *legal* frivolousness synonymous with mere unlikeliness. The Supreme Court of the United States and the United States Court of Appeals for the Fifth Circuit repeatedly counsel district courts against dismissing petitions that have some chance of success. *See, e.g., Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 329 (1989); *Booker*, 2 F.3d at 116. That caution notwithstanding, a "claim against a defendant who is immune from suit is frivolous because it is based upon an indisputably meritless legal theory. *See Neitzke*, 490 U.S. at 327; *Booker*, 2 F.3d at 116.

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2). A *Spears* hearing[2] need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).[3]

**ANALYSIS**

Plaintiff's pleadings are particularly problematic. Not only are his filings saturated with meaningless legal terms, it is clear Plaintiff has failed to plead anything close to approaching an actionable claim. Both the terms Plaintiff uses and the legal authorities he references are nonsensical and do not describe any sort of viable cause of action. In fact, the documents Plaintiff filed may be associated with what is known as the sovereign citizen movement. *See Gravatt v. United States*, 100 Fed. Cl. 279, 282 (Fed. Cl. 2011) (describing some beliefs of the sovereign citizen movement and noting "[s]o-called sovereign citizens believe that they are not subject to government authority and employ various tactics in an attempt to, among other things, avoid paying taxes, extinguish debts, and derail criminal proceedings."). Civil actions similar to Plaintiff's action here have been dismissed as without merit and frivolous. *See United States v. Reeves*, 782 F.2d 1323, 1325–26 (5th Cir. 1985); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (The "term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation."). "The filing of frivolous common law liens with the intention of securing improper benefits or advantages for one's self or others constitutes *a prohibited corrupt endeavor*." *Id.* at 1326 (emphasis added).

---

[2] A *Spears* hearing is a hearing in which a magistrate judge determines whether to recommend dismissal of a defined claim as frivolous. *See Spears*, 766 F.2d at 182.
[3] *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

Commercial liens must be filed for legitimate *commercial business reasons*, not in an effort to "remedy" criminal convictions through the harassment of officials and employees a plaintiff views as responsible for that conviction. *See United States v. Falice,* No. 1:04CV878, 2006 WL 2488391 (M.D.N.C. Aug. 25, 2006). Courts have even found that confiscation of publications and legal materials to prevent inmates from filing these false liens against public officials is reasonable. *See Monroe v. Beard,* 536 F.3d 198, 207-09 (3rd Cir. 2008).

Additionally, most Plaintiff's claims are barred by immunity principles. The doctrine of absolute judicial immunity also bars this action and requires dismissal as to Defendant Pamela C. Sirmon – the state court judge. Judges are absolutely immune from liability for damages for judicial acts "that are not performed in clear absence of all jurisdiction, however erroneous the act and however evil the motive." *Johnson v. Kegans,* 870 F.2d 992, 995 (5th Cir. 1989), *cert. denied,* 492 U.S. 921 (1989). The Fifth Circuit weighs four factors in determining whether an act is "judicial." These factors are as follows:

(1) whether the specific act complained of is a normal judicial function;
(2) whether the acts occurred in the courtroom or in an appropriate related space, such as the judge's chambers;
(3) whether the controversy centered around a case pending before the court; and
(4) whether the acts arose directly out of a visit to the judge in his official capacity.

*McAlester v. Brown,* 469 F.2d 1280 (5th Cir. 1972). These factors are construed liberally in favor of immunity. *Adams v. McIlhany,* 764 F.2d 294, 297 (5th Cir. 1985). Even assuming all facts alleged by Plaintiff are true, the Defendant's actions in this case of entering judicial orders and conducting a criminal trial, meet *all* the criteria for judicial acts. It cannot be said that any of these actions were taken in clear absence of jurisdiction on the basis that Plaintiff does not recognize he is subject to the court's jurisdiction or authority. Therefore, Defendant Sirmon is entitled to judicial immunity.

Additionally, Plaintiff's claims against court clerks responsible for filing his criminal case are barred by immunity. The Supreme Court "has long recognized" that immunity doctrines protect certain potential defendants from liability in tort suits. *See Rehberg v. Paulk*, 566 U.S. 356, 361 (2012). Judicial immunity is an immunity from suit and not just from the ultimate assessment of damages. *Ballard*, 413 F.3d at 515 (citing *Mireles v. Waco*, 502 U.S. 9, 11 (1991)). "Although unfairness and injustice to a litigant may result on occasion, 'it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences . . .'" *Ballard*, 413 F.3d at 515 (citations omitted). This immunity "prevent[s] harassment and intimidation that could otherwise result if disgruntled litigants – particularly criminal defendants and inmates – could vent their anger by suing . . . the person or persons who rendered an adverse decision." *Johnson*, 870 F.2d at 996–97.

In order to achieve this end result, "other necessary participants in the judicial process are entitled to absolute quasi-judicial immunity." *Kirkendall v. Grambling & Mounce, Inc.*, 4 F.3d 989, 1993 WL 360732, at *3 (5th Cir. 1993). This absolute immunity protects judicial employees who perform *functions* "comparable to those of judges." *Da Vinci Inv. Ltd. P'ship v. Parker*, 622 Fed. App'x 367, 373 (5th Cir. 2015) (citations omitted). Courts must look to "the nature of the function performed, not the identity or title of the actor who performed it." *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993).

To determine whether nonjudicial actors perform quasi-judicial functions, and thus are entitled to absolute immunity, the Court considers:

> (1) the need to assure that the individual can perform his functions without harassment or intimidation; (2) the presence of safeguards that reduce the need for private damages actions as a means of controlling unconstitutional conduct; (3)

5

insulation from political influence; (4) the importance of precedent; (5) the adversary nature of the process; and (6) the correctability of error on appeal.

*Da Vinci Inv. Ltd. P'ship*, 622 Fed. App'x at 373 (citing *Butz v. Economou*, 438 U.S. 478, 511-13 (1978)). In general, a court should apply immunity factors broadly in favor of immunity. *See Ballard*, 413 F.3d at 515.

The Fifth Circuit has determined that clerks of court, like the defendant in the present suit, "have absolute immunity from actions for damages arising from acts they are specifically required to do under court order or at the judge's discretion." *Clay v. Allen*, 242 F.3d 679, 682 (5th Cir. 2001) (finding circuit court clerk entitled to absolute quasi-judicial immunity for entering bail order in related case) (citations omitted). Here, filing a case or documents is an essential party of the tasks required of judicial/court clerks. Therefore, Defendants Carly Snider and Nancy Esparza are entitled to immunity.

Prosecutors are immune from Section 1983 suits for acts that are within the scope of their prosecutorial duties. *Imbler v. Pachtman*, 424 U.S. 409 (1976). Prosecutorial immunity has been extended to a prosecutor's actions in initiating, investigating, and pursuing a criminal prosecution. *Cook v. Houston Post*, 616 F.2d 791, 793 (5th Cir. 1980). This immunity encompasses acts within the judicial phase of criminal proceedings, even if the prosecutor has acted maliciously, wantonly, or negligently. *Rykers v. Alford*, 832 F.2d 895, 897 (5th Cir. 1987). Plaintiff does not articulate any acts by the Defendant prosecutors that fall outside the duties of investigating and pursuing a criminal prosecution. Therefore, Defendants Richard Martindale, Justin Sanders, Randall Sims, and the district attorney office staff are entitled to prosecutorial immunity.

Additionally, the Plaintiff sues the grand jury who indicted him in this case and trial witnesses in his prosecution. Grand jury members, any witnesses who testify before a grand jury, and trial witnesses are all protected by immunity. *See Rehberg v. Paulk*, 566 U.S. 356, 369 (2012).

Thus, all remaining Defendants, who were witnesses (or staff of different agencies involved in the investigation of plaintiff's criminal case), are entitled to immunity for their trial testimony. Plaintiff does not assert any valid § 1983 claims against these Defendants. All his claims result from (i) his assertion that government officials had no authority or jurisdiction to prosecute him; and (ii) his assertion that the "commercial liens" he filed against these Defendants have matured. Both sets of claims are frivolous.

For these reasons, Plaintiff's Complaint is DISMISSED with prejudice as frivolous. Plaintiff is WARNED that any further submission of malicious and frivolous documents in this or in any other cause will lead to a bar against all new filings and possible imposition of monetary sanctions.

**SO ORDERED.**

February 18, 2020.

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE